IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON VAN HOOK, #81975-509, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-cv-02200-JPG |
| ) | |
| COREY FRYE and ) | |
| JACKSON COUNTY JAIL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Marlon Van Hook, an inmate at St. Clair County Jail, filed this action pursuant to 28 U.S.C. § 1331 (*Bivens*) and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680. (Doc. 1, pp. 1-7). Plaintiff claims that while he was on a federal holdover at Jackson County Jail, Defendant Corey Frye assaulted him, confiscated his property, and delayed his access to a low bunk. (Docs. 1 and 1-1). He seeks a transfer[1] and Frye's employment termination. *Id*.

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff is no longer housed at Jackson County Jail. *See* Docs. 1 and 6. Therefore, any request for injunctive relief specific to the conditions of his confinement at Jackson County Jail is dismissed without prejudice as **MOOT**.

1

### The Complaint

The Complaint consists of a cover letter (Doc. 1-1, pp. 1-2), a form complaint (Doc. 1, pp. 1-7), and exhibits (Doc. 1, pp. 8-18) that each describe different grievances against parties and non-parties. The Court construes all three liberally as a single Complaint.

In his cover letter, Plaintiff describes an assault by Corey Frye at Jackson County Jail on August 18, 2024. (Doc. 1-1, pp. 1-2). Frye and two other officers tripped Plaintiff, caused him to fall to the floor, repeatedly slammed his head on the concrete, busted his head open, knocked him unconscious, and dug their knees into Plaintiff's neck until he could not breathe. The officers then cut off Plaintiff's clothes and left him naked for an unspecified amount of time in a cell that was covered in trash and human waste without a working toilet. An unknown individual confiscated his medicated soap worth $51 and mysteriously deducted $71 from his trust fund account. *Id*.

In the Complaint, Plaintiff alleges that during his booking at Jackson County Jail on August 5, 2024, C/O Partridge and Acosta searched through his belongings and gave him a brown paper bag filled with the items he could keep. (Doc. 1, p. 6). The officers had him sign an acknowledgment for the items they kept. Plaintiff also informed them of injuries he sustained at Jefferson County Jail that resulted in the issuance of a low bunk permit. He was assigned to a block and instructed to let them know if he was uncomfortable there. *Id*.

Plaintiff soon sought reassignment to a different block when he was refused a low bunk. "They" took his paper bag and escorted him to "lockdown" until a nurse could issue a bottom bunk pass. Once issued, Frye found a place for Plaintiff, but angrily confiscated his brown paper bag, dumped his personal property onto the floor, and took certain items from Plaintiff. Frye then left Plaintiff in lockdown for 33 hours and harassed him through the night. *Id*.

Plaintiff sets forth miscellaneous requests for medical treatment in 11 pages of exhibits to the Complaint. (Doc. 1, pp. 8-18). These requests primarily reference non-parties, including Officer Hines, Jessica Bien, Stratton, Christina, and various nurses. *Id*.

## Preliminary Dismissals

Plaintiff mentions the following non-parties in the statement of his claim: C/O Acosta, C/O Partridge, Officer Hines, Jessica Bien, Stratton, Christina, various nurses, and unknown officers. However, he does not identify these individuals as parties in the case caption or list of defendants. Therefore, the Court will not treat them as parties to this action, and all claims against them are dismissed without prejudice. FED. R. CIV. P. 10(a) (title of complaint "must name all the parties").

Plaintiff names Jackson County Jail as a defendant, but he makes no allegations against the Jail. If a plaintiff fails to set forth allegations against a defendant in the statement of claim, the defendant cannot be said to have notice of any claims against the defendant. FED. R. CIV. P. 8(a)(2); *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Moreover, the Jail is not a person subject to suit in this context. To the extent he intended to name the county instead, Plaintiff failed to do so or to identify any policy, custom, or practice attributable to the county that caused the deprivation of his federally protected rights. Jackson County Jail is thus dismissed without prejudice from this action because the allegations state no claim against the Jail.

## Discussion

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action against Defendant Frye:

| | |
|---|---|
| Count 1: | FTCA claim against Frye for the events described in the Complaint, exhibits, and/or cover letter. |
| Count 2: | Eighth and/or Fourteenth Amendment claim against Frye for using unauthorized force against Plaintiff on or around August 18, 2024. |

3

| | |
|---|---|
| Count 3: | Eighth and/or Fourteenth Amendment claim against Frye for delaying Plaintiff's low bunk access for several hours on August 5, 2024. |
| Count 4: | Eighth and/or Fourteenth Amendment claim against Frye for confiscating Plaintiff's personal property on or around August 5, 2024. |
| Count 5: | Eighth and/or Fourteenth Amendment claim against Frye for denying Plaintiff access to his medicated cream and/or soap in August 2024. |

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

### Count 1

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346, 2671-80, authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The only proper defendant in an FTCA action is the United States, and this defendant is not named. 28 U.S.C. § 2679(b)(1). *See also Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Stewart v. United States,* 655 F.2d 741, 742 (7th Cir. 1981) ("Plaintiff has no cause of action . . . [under the FTCA] against an employee, her exclusive remedy being an action against the United States."). In addition, this lawsuit does not involve allegations of misconduct against federal officers. Plaintiff seeks damages against local officials, and such claims are typically brought under 42 U.S.C. § 1983.[2] Count 1 against Defendant Frye is dismissed with prejudice for failure to state a claim.

---

[2] Section 1983 imposes tort liability on state and local actors for violations of a plaintiff's federal rights. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013). *Bivens* provides a private cause of action for damages against federal officials. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Although Plaintiff filed this action for claims that arose during his federal holdover at the Jail, he asserts claims against a local official, so § 1983 likely controls.

**Counts 2 through 5**

The applicable legal standard for Counts 2 through 5 hinges on Plaintiff's status as a pretrial detainee or convicted person when these claims arose. These claims are governed by the Fourteenth Amendment Due Process Clause, if they arose while Plaintiff was a pretrial detainee, and the Eighth Amendment, if he was a convicted person at the time.

To move forward with a claim under the Fourteenth Amendment Due Process Clause, a pretrial detainee must generally describe conduct on the part of each defendant that was purposeful, knowing, or perhaps even reckless in response to conditions posing an excessive risk to his health or safety, and the detainee must also demonstrate that each defendant's conduct was objectively unreasonable. *See Kingsley v. Henderson*, 576 U.S. 389 (2015) (Fourteenth Amendment excessive force claim); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018) (Fourteenth Amendment medical care claim); *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019) (Fourteenth Amendment conditions of confinement claim).

To proceed with an Eighth Amendment claim, a convicted person must satisfy an objective and subjective component applicable to all claims in this context. To do so, the plaintiff must set forth allegations describing an objectively, sufficiently serious risk to his health or safety and also describe each defendant's deliberate indifference in response to that risk. *See Lewis v. Downey*, 581 F.3d 467 (7th Cir. 2009) (Eighth Amendment excessive force claim); *Estelle v. Gamble*, 429 U.S. 97 (1976) (Eighth Amendment medical care claim); *Farmer v. Brennan*, 511 U.S. 825 (1994) (Eighth Amendment conditions of confinement claim).

The allegations satisfy the Fourteenth and Eighth Amendment standards for an excessive force claim against Defendant Frye in Count 2, but fall short of satisfying either standard for the remaining claims against this defendant in Counts 3, 4, and 5. In connection with the latter three

claims, the nature, duration, and severity of the deprivation is not adequately described, nor is the role of Defendant Frye in causing each deprivation. As such, Plaintiff has not set forth "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570. Accordingly, Count 2 will receive further review against Defendant Frye, and Counts 3, 4, and 5 will be dismissed without prejudice for failure to state a claim.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 2) is **DENIED without prejudice**. An indigent plaintiff seeking representation by court-recruited counsel must demonstrate: (a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors court considers when evaluating motions for counsel). Plaintiff has only asked his family members to try to find him an attorney and has not demonstrated sufficient efforts to find counsel on his own. Before filing a new motion, Plaintiff should call, email, or write at least three attorneys or law firms and request representation in this case. He should then provide this Court with a list of attorneys/firms contacted, dates of contact, and responses received, as well as copies of written communications showing his efforts to find counsel. In the meantime, the Court deems it unnecessary to recruit counsel on his behalf, given that this case survived screening on a single straightforward claim of excessive force against one defendant. Plaintiff's lawsuit will be served on this defendant, who will then have time to file an answer before the case moves forward. At this time, there is nothing for Plaintiff to do.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, and **COUNT 2** will proceed against **COREY FRYE**. However, **COUNT 1** is **DISMISSED** with prejudice for failure to state a claim for relief, and **COUNTS 3, 4,** and **5** are

**DISMISSED** without prejudice on the same grounds. Defendant **JACKSON COUNTY JAIL** is **DISMISSED** without prejudice from this action because the Complaint states no claim for relief against it.

With regard to **COUNT 2**, the Clerk of Court shall prepare for **COREY FRYE**, in an individual capacity: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **<u>Pursuant to Administrative Order No. 244 and SDIL-Local Rule 8.2, Defendant should only respond to the issues stated in this Merits Review Order</u>**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED: 12/2/2024               s/J. Phil Gilbert
                               **J. PHIL GILBERT**
                               **United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him or her with a copy of your Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer. It will likely take at least **60 days** from the date of this Order to receive the Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has answered, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.