UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARLON VAN HOOK,

    Plaintiff,

v.

CORY FRY and JACKSON COUNTY JAIL,

    Defendants.

Case No. 24-cv-2200-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Cory Fry's amended motion for sanctions (Doc. 24). The motion springs from the Court's July 18, 2025, order compelling plaintiff Marlon Van Hook to produce his initial disclosures and respond to outstanding discovery requests by August 22, 2025 (Doc. 22). The Court warned Van Hook that if he failed to make his disclosures and responses, the Court might impose sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) including, but not limited to, dismissing this action. In the pending motion, Fry reports that as of September 8, 2025, he had not received the discovery documents the Court ordered Van Hook to provide. Fry asks the Court to dismiss this case as a sanction.

Rule 37(b)(2)(A) permits sanctions, including dismissal, when a party "fails to obey an order to provide or permit discovery." However, sanctions must be proportionate to the circumstances considering "the extent of the misconduct, the ineffectiveness of lesser sanctions, the harm from the misconduct, and the weakness of the case." *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019). Before dismissing a case under Rule 37(b), "a court must have clear and convincing evidence of willfulness, bad faith or fault." *Maynard v. Nygren,* 332 F.3d 462, 468 (7th Cir. 2003).

There is clear and convincing evidence of Van Hook's willfulness, bad faith, and fault in failing to make the required disclosures and discovery responses. The initial disclosures and discovery responses were required by the Federal Rules and/or a Court order, and the Court compelled Van Hook to satisfy those discovery responsibilities under penalty of sanctions if he did not. Nevertheless, he failed to produce the necessary information. That failure prevents the case from proceeding. Lesser sanctions of monetary penalties would be ineffective since Van Hook is indigent. Instead, dismissal is warranted under Rule 37(b)(2)(A)(v) for failure to obey an order to provide discovery and under Rule 41(b) for failure to comply with a Court order.

Accordingly, the Court **DISMISSES** this case **with prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  September 10, 2025**

s/ J. Phil Gilbert          _
**J. PHIL GILBERT**
**DISTRICT JUDGE**
